IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**CONNOR NEECK**
and **ISAIAH WEST**,
individually and on behalf of
all those similarly situated,

                                            Case No. 19-cv-834

            Plaintiffs,

   v.

**BADGER BROTHERS MOVING LLC**,
313 W Beltline Hwy, Ste 153
Madison, WI 53713

           Defendant.

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

## PRELIMINARY STATEMENT

1. This is a collective and class action brought by Individual and Representative Plaintiffs Connor Neeck and Isaiah West ("Plaintiffs") on their own behalf and on behalf of the members of the proposed classes identified below. Plaintiffs and the putative class members, during the three years preceding this lawsuit, were employed by Defendant, Badger Brothers Moving, LLC. Plaintiffs and the putative class members provided residential and commercial moving services on behalf of Defendant in Wisconsin. Plaintiffs and the putative class members were paid an hourly wage, overtime wages for recorded hours over 40 in a workweek, and a monthly "base compensation" wage based on the number of hours worked in a month.

Defendant deducted from this base compensation for alleged faulty workmanship without authorization. Defendant also required Plaintiffs and the putative class members to perform off-the-clock work. As a result of these unlawful pay policies, Plaintiffs and the putative class members were deprived of regular and overtime wages. Plaintiffs, on behalf of themselves and the putative classes, allege that this conduct is in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Wisconsin Wage Payment and Collection Act, Wis. Stat. § 109, *et seq.*, and Wis. Stat. § 103.455.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq.* The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1391 because Plaintiffs and Defendant reside in this district.

## PARTIES

4. Plaintiff Connor Neeck is an adult resident of Madison, Wisconsin. Neeck was employed as a laborer by Defendant within the past three years. Neeck's signed consent form is filed as Exhibit A to this Complaint and is incorporated herein by reference.

5. Plaintiff Isaiah West is an adult resident of Madison, Wisconsin. West was employed as a laborer and a crew lead by Defendant within the past three years. West's signed consent form is filed as Exhibit B to this Complaint and is incorporated herein by reference.

6. Defendant, Badger Brothers Moving LLC, is a domestic corporation with its principal place of business at 313 W Beltline Hwy, Ste 153, Madison, WI 53713. Defendant's registered agent for service is Eric R. Lee, 313 W Beltline Hwy, Ste 153, Madison, WI 53713.

7. At all times relevant to this Complaint, Defendant was the "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d), and Wis. Stats. §§ 103.001(6) and 109.07(2).

8. At all times material to this Complaint, Defendant has employed more than two employees.

9. Upon information and belief, at all times material to this Complaint, Defendant has employees who are engaged in commerce.

10. Upon information and belief, at all times material to this Complaint, Defendant has had an annual dollar volume of sales or business done of at least $500,000.

## FACTUAL ALLEGATIONS

11. Throughout the three years preceding the filing of this lawsuit, Plaintiff Neeck was employed by Defendant as a laborer.

12. Throughout the three years preceding the filing of this lawsuit, Plaintiff West was employed by Defendant as a laborer and a crew lead.

13. Plaintiffs bring this action on behalf of themselves and on behalf of other similarly-situated employees pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly-situated employees is defined as:

> All persons who have been or are currently employed by Badger Brothers Moving LLC as laborers and/or crew leads at any time during the past three years.

14. Plaintiffs bring this action on behalf of themselves and on behalf of all other similarly-situated employees pursuant to Fed. R. Civ. P. 23. The **Wisconsin Unpaid Wage Class** is defined as:

> All persons who have been or are currently employed by Badger Brothers Moving LLC as laborers and/or crew leads in the state of Wisconsin at any time during the past two years.

15. Laborers and crew leads provided residential and/or commercial moving services to Defendant's customers.

16. These services included, but were not limited to, packing, wrapping and unpacking boxes, loading/unloading boxes between the moving truck and move sites, and driving the moving truck to and from move sites.

17. Throughout the three-year period preceding the filing of this Complaint, Defendant classified Plaintiffs and the putative class members as non-exempt from the FLSA and Wisconsin overtime law.

18. Throughout the three-year period preceding the filing of this Complaint, Defendant paid Plaintiffs and the putative class members time-and-a-half for all recorded hours in excess of 40 in a workweek.

19. Throughout the three-year period preceding the filing of this Complaint, Defendant required Plaintiffs and the putative class members to arrive at the central warehouse before their first scheduled move of the day to punch in, load moving trucks, pick up keys, and complete necessary paperwork, but Defendant did not start paying Plaintiffs and the putative class members until they departed for their first move of the day.

20. Throughout the three-year period preceding the filing of this Complaint, Defendant did not pay Plaintiffs and the putative class members for the time between scheduled moves.

21. Throughout the three-year period preceding the filing of this Complaint, Plaintiffs and the putative class members were required to drive back to the warehouse from the last job site of the day, where the crew lead must return keys, file paperwork, and clean the truck, but are only compensated for the amount of time Google Maps calculates it should have taken to drive from the job site to the warehouse, not the actual time spent driving.

22. Defendant was aware, or should have been aware, that Plaintiffs and the putative class members performed work that required payment of regular wages and overtime compensation for all of their hours worked.

23. Throughout the three-year period preceding the filing of this

5

Complaint, Defendant has advertised that employees will make "about $23-25/hour."

24. Defendant paid Plaintiffs and the putative class members an hourly wage for recorded work hours, overtime wages for recorded hours over 40 in a workweek, and up to $300 per month in "basic performance compensation" or "BPC."

25. The total amount of BPC that Plaintiffs and the putative class members could earn each month was dependent upon the number of hours they worked. A full-time employee was eligible to earn $300 BPC in a month.

26. At the end of each month, Plaintiffs and the putative class members received an email from a manager stating what portion of the BPC they will be paid that month.

27. Defendant made deductions from the BPC for errors, such as "missing a checklist," or for damage done on the job, such as scratching furniture or being present when another employee caused damage.

28. Plaintiffs and the putative class members never authorized these deductions from their BPC in writing or otherwise.

29. Defendant made deductions from the BPC without any input from any representative designated by the employee.

30. Plaintiffs and the putative class members had not been found guilty or held liable in a court of competent jurisdiction of negligence, carelessness, or willful and intentional conduct when Defendant made deductions from the BPC.

31. Upon information and belief, Defendant failed to include the BPC earned by Plaintiffs and the putative class members when calculating the overtime premium due for work performed in excess of 40 in a workweek, instead calculating the overtime rate as one-and-one-half times the hourly rate of pay, thus depriving Plaintiffs and the putative class members of earned overtime wages.

## CLASS ALLEGATIONS

32. Plaintiffs bring the Second and Third Claims for Relief on their own behalf and on behalf of the **Wisconsin Unpaid Wage Class**, as defined in paragraph 14, *supra*, pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

33. The persons in the class identified in the Wisconsin Unpaid Wage Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 40 individuals who satisfy the definition of the Class.

34. There are questions of law and fact common to the Wisconsin Unpaid Wage Class that predominate over any questions solely affecting individual members of the Class, including, but not limited to:

   a. Whether Defendant unlawfully failed to pay wages to Plaintiffs and members of the Wisconsin Unpaid Wage Class in violation and within the meaning of Wis. Stat. § 109.03;

   b. Whether Defendant unlawfully failed to pay overtime wages to Plaintiffs and members of the Wisconsin Unpaid Wage Class in violation and within the meaning of Wis. Stat. § 103.03 and Wis. Admin. Code § DWD 274.03;

    c. Whether Defendant deducted earned wages from Plaintiffs and members of the Wisconsin Unpaid Wage Class without authorization in violation and within the meaning of Wis. Stat. § 103.455;

    d. The nature and amount of compensable work performed by Plaintiffs and the members of the putative class;

    e. Whether Defendant's conduct was dilatory or otherwise unjust; and

    f. The proper measure of damages sustained by the Wisconsin Unpaid Wage Class.

35. Plaintiffs' claims are typical of those of the Wisconsin Unpaid Wage Class. Plaintiffs, like other putative members of the Wisconsin Unpaid Wage Class, were subjected to Defendant's illegal pay practices of performing uncompensated work and having earned wages deducted without authorization.

36. Plaintiffs will fairly and adequately protect the interests of the Wisconsin Unpaid Wage Class and have retained counsel experienced in complex wage and hour litigation.

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual employees lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant, particularly those with relatively small claims.

38. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Wisconsin Unpaid Wage Class predominate over any questions affecting only individual members of the Wisconsin

Unpaid Wage Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class wages for work they performed and to which they are entitled. The damages suffered by individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, combining all members subject to Defendant's uniform illegal policies in a single suit best serves the interests of judicial efficiency. Finally, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

39. Plaintiff intends to send notice to all members of the Wisconsin Unpaid Wage Class to the extent required by Fed. R. Civ. P. 23.

**FIRST CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME COMPENSATION**
**IN VIOLATION OF THE FLSA**

40. Plaintiffs, individually and on behalf of the Collective Class, allege and incorporate by reference the allegations in the preceding paragraphs.

41. Plaintiffs and the members of the Collective Class are or were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

42. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

43. Per 29 C.F.R. § 778, *et seq.*, an employee's regular rate is determined based on all remuneration earned by an employee, including any bonuses, piece rate pay, commissions, or other basis.

44. During the applicable statute of limitations, Plaintiffs and members of the Collective Class performed work in excess of 40 hours per week without receiving overtime compensation due to Defendant's policy and practice of requiring them to perform work without compensation, and due to Defendant's policy of not including their earned BPC in calculating the regular rate of pay.

45. Defendant's practices violate the FLSA including, but not limited to, 29 U.S.C. § 207 and 29 C.F.R. § 778, *et seq.* Because of these violations, Plaintiffs and members of the Collective Class have suffered a wage loss.

46. Upon information and belief, Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiffs and members of the Collective Class overtime compensation in violation of the FLSA.

<u>SECOND CLAIM FOR RELIEF</u>:
FAILURE TO PAY REGULAR AND OVERTIME WAGES
IN VIOLATION OF WISCONSIN LAW

47. Plaintiffs, individually and on behalf of the Wisconsin Unpaid Wage Class, allege and incorporate by reference the allegations in the preceding paragraphs.

48. The foregoing conduct, as alleged, violates Wis. Stats. §§ 103.03 and 109.03, and Wis. Admin. Code § DWD 274.03.

49. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Wis. Stats. §§ 103.001(6) and 109.01(2).

50. At all relevant times, Plaintiffs and members of the putative Wisconsin Unpaid Wage Class were Defendant's employees within the meaning of Wis. Stats. §§ 103.001(5) and 109.01(1r).

51. Wisconsin Statute § 103.02 and Wisconsin Administrative Code § DWD 274.03 require an employer to pay overtime compensation at one-and-one-half times the regular rate of pay to all non-exempt employees for hours worked in excess of 40 in a workweek.

52. Wisconsin law requires employers to pay employees all wages earned by a day not more than 31 days prior to the date of payment. Wis. Stat. § 109.03.

53. During the applicable statute of limitations, Defendant had a policy and practice requiring Plaintiffs and members of the Wisconsin Unpaid Wage Class to perform work off-the-clock and a policy of not including their earned BPC in calculating the regular rate of pay.

54. These policies resulted in Defendant failing and refusing to pay Plaintiffs and members of the Wisconsin Unpaid Wage Class all regular wages due under Wis. Stat. § 109.03, and all overtime wages due under Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03.

55. As a result of Defendant's failure to pay all wages earned and due to Plaintiffs and members of the putative Wisconsin Unpaid Wage Class, Defendant

has violated, and continues to violate, Wis. Stats. §§ 103.02 and 109.03, and Wis. Admin. Code § DWD 274.03.

## THIRD CLAIM FOR RELIEF:
### UNAUTHORIZATION DEDUCTIONS FROM WAGES IN VIOLATION OF WISCONSIN LAW

56. Plaintiffs, individually and on behalf of the Wisconsin Unpaid Wage Class, allege and incorporate by reference the allegations in the preceding paragraphs.

57. The foregoing conduct, as alleged, violates Wis. Stat. § 103.455.

58. Wisconsin law prohibits employers from making any deductions from an employee's wages for defective or faulty workmanship, lost or stolen property, or damage to property unless the employee provides written authorization to the employer, the employer and a representative designated by the employee determine the defective or faulty workmanship, loss, theft or damage is due to the employee's negligence, carelessness or willful and intentional conduct, or the employee is found guilty or held liable in a court of competent jurisdiction of negligence, carelessness or willful and intentional conduct. Wis. Stat. § 103.455.

59. During the applicable statute of limitations, Defendant had a policy and practice of deducting from the earned wages of Plaintiffs and members of the Wisconsin Unpaid Wage Class without written authorization.

60. As a result of Defendant's policies and practices of making unauthorized deductions from the wages earned and due to Plaintiffs and members

of the putative Wisconsin Unpaid Wage Class, Defendant has violated, and continues to violate, Wis. Stat. § 103.455.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Collective Class and the Wisconsin Unpaid Wage Class, pray for the following relief:

A. An order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

B. An order certifying this action as a class action on behalf of the proposed Wisconsin Unpaid Wage Class pursuant to Fed. R. Civ. P. 23;

C. An order designating Connor Neeck and Isaiah West as representatives of the Wisconsin Unpaid Wage Class;

D. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E. An order finding that Defendant violated the FLSA and Wisconsin wage and hour laws;

F. An order finding that these violations were willful;

G. An order finding that these actions were unjust and dilatory;

H. Judgment against Defendant in the amount equal to the Named Plaintiffs', the Collective Class's, and the Wisconsin Unpaid Wage Class's unpaid back wages at the applicable overtime wage, regular wage, and bonus rates;

I.     An award in the amount of all liquidated damages and penalties as provided under Wis. Stat. § 109.11 and 29 U.S.C. § 216(b);

J.     An award of reasonable attorney's fees and costs under Wis. Stat. § 109.03(6) and 29 U.S.C. § 216(b);

K.     Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated this 9th day of October, 2019.

> **HAWKS QUINDEL, S.C.**
> *Attorneys for the Plaintiff*
>
> By: __/s/David C. Zoeller__
> David C. Zoeller, State Bar No. 1052017
> Email: dzoeller@hq-law.com
> Caitlin M. Madden, State Bar No. 1089238
> Email: cmadden@hq-law.com
> Vanessa A. Kuettel, State Bar. No. 1088329
> Email: vkuettel@hq-law.com
> Post Office Box 2155
> Madison, Wisconsin 53701-2155
> Telephone: (608) 257-0040
> Facsimile: (608) 256-0236