**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

---

**CONNOR NEECK**
and **ISAIAH WEST**,
individually and on behalf of
all those similarly situated,

                                                         Case No. 19-cv-834

                                Plaintiffs,

    v.

**BADGER BROTHERS MOVING LLC**,

                                Defendant.

---

## CLASS ACTION SETTLEMENT AGREEMENT

---

This Class Action Settlement Agreement ("Settlement Agreement" or "Agreement") between Plaintiffs and putative Class Representatives, Connor Neeck and Isaiah West ("Plaintiffs" or "Class Representatives"), individually and on behalf of the putative classes of similarly-situated persons, and Badger Brothers Moving, LLC, its predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, affiliates, and all other persons acting by, through, or in concert with them (hereinafter "Badger Brothers" or "Defendant") was reached after negotiations between counsel for all parties and mediation with Federal Clerk Magistrate Judge Peter Oppeneer on June 9, 2020 and is entered into as of the date of the signatures, below.

### <u>RECITALS</u>

1.      On October 9, 2019, Plaintiffs filed a Collective and Class Action Complaint in the United States District Court for the Western District of Wisconsin alleging that Badger Brothers violated the Fair Labor Standards Act ("FLSA") and Wisconsin wage and hour laws. Specifically, Plaintiffs alleged that Badger Brothers miscalculated overtime compensation, failed to pay employees for time worked off the clock, and made unlawful deductions from wages. Badger Brothers disputes all claims. The Complaint made allegations on behalf of a putative class of individuals under the FLSA, and a putative class of individuals under Wisconsin wage and hour laws. Plaintiffs alleged that Defendant deducted funds from their base performance compensation and the putative class members' base performance compensation for alleged faulty workmanship, lost property, and damage to property without authorization in violation of Wis. Stat. § 103.455; did not include earned base pay compensation in its calculation of Plaintiffs' and the putative class members' regular rate of pay in violation of the FLSA and Wis. Stat. § 109; and required Plaintiffs and the putative class members to perform off-the-clock work in violation of the FLSA and the Wisconsin Wage Payment and Collection Act.

The FLSA Collective Compensation Class and Wisconsin Rule 23 Compensation Class shall be referred to collectively as the "Settlement Classes" hereinafter.

2.      The parties stipulated to conditional class certification and, following notice to putative class members, those current and former employees identified on Exhibit A hereto timely opted into this action.

3.      Plaintiffs and the putative Settlement Classes are represented by Hawks Quindel, S.C., by Attorneys David Zoeller, Caitlin Madden, and Vanessa Kuettel ("Class Counsel").  Class Counsel has conducted a thorough investigation of the facts pertinent to the allegations in the Complaint and has likewise investigated the law regarding the claims against Badger Brothers and Badger Brothers' asserted defenses.  The Class Representatives recognize the risk and expense associated with a trial of Plaintiffs' claims and any further appeals that may follow, and the uncertainty inherent in complex litigation, and has concluded that the settlement set forth in this Agreement is in their best interest and the best interest of the Settlement Classes and, ultimately, judicial economy.

4.      Badger Brothers denies that it is liable to the Class Representatives or the Settlement Classes and denies that its actions violated the FLSA or Wisconsin wage and hour laws.  Badger Brothers' counsel has conducted a thorough investigation of the facts pertinent to the allegations in the Complaint and likewise investigated the law regarding the claims against Badger Brothers and the asserted defenses.  Badger Brothers is willing to enter into this Agreement to avoid the further expense, uncertainty, and inconvenience of litigation, and has concluded that it is in its best interest to resolve and settle all claims which have been made, or could be made, against it by the Settlement Classes arising out of the matters alleged in the Complaint and Badger Brothers' alleged violations of the FLSA and Wisconsin wage and hour laws.

5.      In consideration of the foregoing and other good and valuable consideration, the Class Representatives and Badger Brothers stipulate and agree that the claims of the Class Representatives and the Settlement Classes against Badger Brothers should be and are hereby comprised and settled, subject to the final approval of the Court after a hearing and upon entry of a final judgment of dismissal with prejudice as provided in this Agreement, all subject to the following terms and conditions.  This Agreement shall be filed as **Exhibit A** to the Joint Motion for Preliminary Approval of the Settlement Agreement.

## SETTLEMENT TERMS

1.      **EFFECTIVE DATE**. The "Effective Date" of this Agreement shall be the date of the entry of the Final Order if no objections to the settlement are made by the time of the Fairness Hearing.  If valid objections, as provided herein, to this Agreement have been made by the time of the Fairness Hearing, the Effective Date shall be the later of: (a) the date of the expiration of the time to appeal from the Final Order without an appeal having been taken or; (b) if an appeal shall be taken from the Final Order, the date upon which all appeals, including petitions for leave to appeal, certiorari, rehearing, or any proceedings resulting therefrom, have been finally disposed of in such a manner that the Agreement is affirmed in its entirety and the settlement may be

consummated without change.  The Parties waive their rights to appeal from any Final Order approving this Agreement.

2.　**CLASS DEFINITIONS**.  For purposes of this settlement only, the Parties agree to the Court's certification of the following Settlement Classes:

　　a.　The FLSA Collective Compensation Class:  All persons who have been or are currently employed by Badger Brothers Moving LLC as laborers and/or crew leads at any time during the past three years, and who claim they are owed overtime compensation.

　　b.　The Wisconsin Rule 23 Compensation Class:  All persons who have been or are currently employed by Badger Brothers Moving LLC as laborers and/or crew leads in the state of Wisconsin between October 9, 2017 and May 4, 2020.

For purposes of this Agreement, the putative members of the FLSA Collective Compensation Class and Wisconsin Rule 23 Compensation Class shall include only the individuals named in **Appendix A** of this Agreement.  The FLSA Collective Compensation Class consists of those individuals who opted in during the FLSA conditional certification notice period. The Wisconsin Rule 23 Compensation Class will not include any individuals who opt out of the Agreement during the notice period.

Upon execution of this Agreement, the Parties will jointly request that the Court preliminarily find that this Agreement is fair to all Class Members and approve the class notice ("Class Notice" or "Notice") attached as **Appendix B** to this Agreement to be sent to the Settlement Classes via first-class U.S. Mail and electronic mail.

3.　**CONSIDERATION**.  In consideration for the Final Settlement Classes' release of claims as stated herein, Badger Brothers shall pay no more than $70,000.00 to be apportioned as follows:

　　a.　Up to $44,666.67 payable to the members of the Settlement Classes, as set forth in **Appendix C** of this Agreement.

　　b.　Up to $1,000.00 each, payable to Connor Neeck and Isaiah West, as a Service Payment for their efforts in resolving this matter individually and on behalf of the Final Settlement Classes as set forth in **Appendix A** of this Agreement. Class Counsel will petition the Court for a Service Payment not to exceed $1,000.00.  Badger Brothers agrees that it will take no position in favor of or against a requested Service Payment provided it does not exceed $1,000.00.

　　c.　Class Counsel will petition the Court for an award of attorney's fees, costs, and administration-related expenses, not to exceed $23,333.33.  Badger Brothers agrees that it will take no position in favor of or against a requested award of attorney's fees, costs, and administration-related expenses, provided the request does not exceed $23,333.33.

3

d. Each member of the Wisconsin Rule 23 Compensation Class who does not exclude him/herself as provided under this Agreement shall be entitled to his or her respective portion of the payments set forth in subparagraph (a.) above and **Appendix C** to this Agreement.

e. Each member of the FLSA Collective Compensation Class who timely submitted a valid Consent Form during the Conditional Certification Process shall be entitled to his or her respective portion of the payments set forth in subparagraph (a.) above and **Appendix C** to this Agreement.

f. The Service Payment set forth in subparagraph (b.) above shall be conditioned on Class Representatives, Connor Neeck and Isaiah West, submitting to counsel for Badger Brothers an IRS Form W-9. Such Service Payment shall also be conditioned upon the Court entering a Final Order approving the settlement and upon Connor Neeck and Isaiah West executing a general release of all claims, except claims that cannot be waived by law and claims for breaches arising out of this Agreement.

g. In the event the Court awards less than the amount requested for the Service Payment or for attorney's fees, costs, and administrative-related expenses, the difference between the amounts requested and the amounts awarded shall be added to the settlement proceeds to be distributed to the Final Settlement Classes, based upon the calculations set forth herein and in **Appendix C** and set forth in sections 4(a.) through 4(d.) to this Agreement, and further subject to the terms of this Agreement.

h. Settlement payments to members of the Final Settlement Classes shall be in the amounts set forth in Exhibit C to this Agreement, with those adjustments, if any, resulting from any court-ordered reductions to requested Service Payments (section 3(b.)) or attorney's fees (section 3(c.)).

4. **SETTLEMENT PAYMENTS**. Badger Brothers shall pay up to $70,000.00 in settlement proceeds. Settlement proceeds shall be paid in accordance with the allocation provided on **Appendix C** to this Agreement, subject to paragraph 3(g.) and 3(h.) above. Allocations have been determined using the following method:

a. For the off-the-clock claim, Class Counsel assumed 15 minutes of unpaid work per shift, and multiplied the number of shifts worked within the applicable class period by .25 hours. These additional hours were added to the recorded hours. Additional hours under 40 hours were identified as "gap time" hours, and additional hours over 40 were identified as "overtime hours." Unpaid gap time was multiplied by the blended regular rate, and unpaid overtime was multiplied by the blended overtime rate to calculate the off-the-clock damages. All unpaid gap time was multiplied by 1.5 to account for liquidated damages under Wisconsin law, and unpaid overtime by 1.5 for the Wisconsin Rule 23 Compensation Class Members and 2 for the FLSA Collective Compensation Class to determine the full value of the off-the-clock claim.

b. To calculate the damages for BPC overtime claim, Class Counsel identified the amount of bonus "earned" and the bonus paid per the pay stubs. For the purposes of calculating overtime, we used the bonus earned based on the hours worked, before adding the 5-star bonus or making any deductions, and allocated an equal amount of these commissions to each workweek in the month by multiplying the commission earned by 12 months and dividing by 52 to get the commission allocable to a single week. Class Counsel identified the weekly deferred commission for each workweek, divided that by the total number of hours worked in that week to get the increase in the hourly rate, and multiplied that by 0.5 to get the additional overtime rate. This rate was multiplied by the total overtime hours worked in the workweek to calculate the unpaid overtime on commissions. All unpaid BPC overtime was multiplied by 1.5 for the Wisconsin Rule 23 Compensation Class Members and 2 for the FLSA Collective Compensation Class to determine the full value of the BPC overtime claim.

c. To calculate the damages for BPC deductions, Class Counsel collected the deductions listed on the "Bonus Checks and Metric Documents" provided by Defendant, and calculated "projected" damages for August 2018, October 2018, and December 2018 by dividing the sum of the deductions by the total number of pay weeks for which deductions data was provided to get an average deduction per person per month. This average was inserted for each Class Member who received BPC during the months for which there was missing data. These damages were multiplied by 1.5 to determine the full value of the BPC deduction claim.

d. Each Class Members' off-the-clock claim, BPC overtime claim, and BPC deduction claim were added together to determine the full claim value. Each Class Member was then assigned a pro-rata share of the settlement fund available after accounting for attorneys' fees and the proposed enhancement payments. All Class Members were assigned a minimum initial allocation of $20.00.

Payments to the Wisconsin Rule 23 Compensation Class Members, who do not exclude themselves, shall be allocated as two-thirds W-2 wages and one-third 1099 non-wage income. Payments made to the FLSA Collective Compensation Class Members who timely consented to participation in the Collective Action during the conditional certification notice period shall be allocated as one-half W-2 wages and one-half liquidated damages. Attached to the Settlement Agreement as **Appendix C** is a breakdown of the amount each Class Member will receive for wage and non-wage income, subject to paragraph 3(h.) and 3(i.) above.

Payments shall be remitted to Hawks Quindel, S.C., Attn: Caitlin Madden, at 409 E. Main Street, Madison, Wisconsin 53703. Within 10 days following entry of the order granting final approval of the settlement, Class Counsel will provide to Badger Brothers the final allocations to the Final Settlement Classes, accounting for any re-distribution required as described in section 3(h.) Within 30 days following receipt of the final allocations, Badger Brothers will provide to Class Counsel checks for the following:

    a.   Amounts allocated to the Final Wisconsin and Collective Compensation Classes as provided by Class Counsel;

    b.   The amount approved by the Court for a Service Payment to Connor Neeck and Isaiah West; and

    c.   The amount awarded by the Court for attorney's fees, costs, and administrative expenses.

Class Counsel shall promptly thereafter send, via first class mail, settlement checks to all eligible Final Class Members. Class Counsel shall advise counsel for Badger Brothers as to all checks that were returned as non-deliverable and Badger Brothers, through its counsel, shall advise Class Counsel of all checks that were not cashed at the conclusion of the 90-day check-cashing period. Class Counsel shall advise counsel for Badger Brothers of the date on which settlement checks were mailed to Final Class Members.

If objections to this Agreement have been made by the time of the Fairness Hearing that cause the Effective Date of this Agreement to occur after the due date of any payments set forth in this paragraph, the due date for all such payments under this Agreement shall be due within 30 days of the applicable Effective Date as set forth in paragraph 1 above.

5. **RELEASE OF COMPENSATION CLAIMS FOR FLSA COLLECTIVE COMPENSATION CLASS**. As consideration for this Agreement, and upon the Effective Date, the members of the FLSA Collective Compensation Class that have opted in to this matter, including each and every one of their respective present, former, and future agents, representatives, attorneys, heirs, administrators, executors, assigns, or other person acting on their behalf or for their benefit (collectively, "Releasors") hereby release and discharge Badger Brothers as well as its respective predecessors and successors in interest, and present, former, and future affiliates, parents, subsidiaries, related parties, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, collectors, brokers, assigns, or entities for which Badger Brothers performs services (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releasees") from any causes of action, suits, claims, or demands, known or unknown at the time, which the Class Representatives and the FLSA Collective Compensation Class now have or ever had against the Releasees pursuant to the Fair Labor Standards Act ("FLSA") and arising out of Badger Brothers' alleged failure to pay compensation through May 4, 2020.

6. **RELEASE OF COMPENSATION CLAIMS FOR WISCONSIN RULE 23 COMPENSATION CLASS**. As consideration for this Agreement, and upon the Effective Date, the members of the Wisconsin Rule 23 Compensation Class that have not excluded themselves from this Agreement as provided herein, representatives, attorneys, heirs, administrators, executors, assigns or any other person acting on their behalf or for their benefit (collectively, "Releasors") hereby release and discharge Badger Brothers, as well as its respective predecessors and successors in interest, and present, former, and future affiliates, parents, subsidiaries, related parties, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, collectors, brokers, assigns, or

entities for which Badger Brothers performs services (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releasees") from any causes of action, suits, claims, or demands pursuant to Wisconsin law, whether based in statutory or common law, and arising out of Badger Brothers' alleged failure to pay compensation through May 4, 2020.

7.    **JOINT MOTION FOR PRELIMINARY APPROVAL**.  The parties will jointly request preliminary approval of the settlement set forth in this Agreement no later than September 25, 2020.  The joint motion will request the following relief in the form of an Order that:

a.   Preliminarily approves this Settlement Agreement as fair, reasonable, and adequate;

b.   Certifies, for settlement purposes only, this case as a class action under Fed. R. Civ. P. 23;

c.   Certifies, for settlement purposes only, the FLSA Collective Compensation Class;

d.   Appoints Connor Neeck and Isaiah West as Class Representatives;

e.   Appoints Hawks Quindel, S.C. as Class Counsel pursuant to Fed. R. Civ. P. 23(g);

f.   Approves the Class Notice in the form of **Appendix B** for distribution to all putative members of the FLSA Collective Compensation Class and Wisconsin Rule 23 Compensation Class;

g.   Finds that the Class Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all Wisconsin Rule 23 Compensation Class and FLSA Collective Compensation Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Wisconsin Rule 23 Compensation Class and FLSA Collective Compensation Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

h.   Directs that each potential Wisconsin Rule 23 Compensation Class Member who wishes to be excluded from the Settlement Class must opt out no later than 45 days after the mailing of the Class Notice per the instructions set forth in the Notice, and that their response must be received by the date set forth in the Court's Preliminary Approval Order;

i.   Directs that any Wisconsin Rule 23 Compensation Class Member who has not properly and timely requested exclusion from the Wisconsin Compensation

Settlement Class shall be bound by this Agreement in the event the Court issues a Final Order Approving Settlement;

j. Schedules a Fairness Hearing approximately 100 days after the Court's preliminary approval order to determine whether this Settlement Agreement should be approved as fair, reasonable, and adequate, and whether the Proposed Final Order Approving Settlement should be entered;

k. Directs that Class Counsel shall file a motion for approval of attorney's fees and costs at least 21 days prior to the Fairness Hearing, and that the Court shall determine at the Fairness Hearing in what amount attorney's fees and reimbursement of costs and expenses should be awarded to Class Counsel; and

l. Directing that any Wisconsin Rule 23 Compensation Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Class Notice no later than 45 days after the mailing of the Notice, together with copies of all papers in support of his or her position. The Class Notice shall state that the Court will not consider objections of any Class Member who has not properly served copies of his or her objections on a timely basis.

The fact that the Court may require non-substantive changes to the parties' Proposed Preliminary Approval Order does not invalidate this Agreement. If the Court refuses to grant preliminary approval, then this Agreement shall be null and void and the provisions of paragraph 19 will apply. Badger Brothers will, within 10 days of the order granting the joint motion for preliminary approval, serve any Class Action Fairness Act ("CAFA") Notices. Such CAFA Notice is attached as **Appendix D** to this Agreement.

8.    **NOTICE PROCEDURE**.  Notice procedures shall be as follows: Class Counsel will deliver to all Class Members by U.S. Mail and electronic mail a copy of the Class Notice (attached as **Appendix B** to this Agreement), as approved by the Court, setting forth the settlement terms, exclusion rights under the Wisconsin Rule 23 Compensation Class settlement, opt-in rights under the FLSA Collective Compensation Class settlement, and objection rights of Wisconsin Rule 23 Compensation Class Members. Class Counsel shall promptly advise counsel for Badger Brothers of the date on which the Notices were mailed. For any Class Notice which is returned as undeliverable, Class Counsel may perform skip traces and/or other appropriate steps to identify proper current addresses for the putative members of the Settlement Classes and re-mail the Class Notice to all such Class Members. For Notices which are returned as undeliverable, Badger Brothers, if requested, will provide Social Security numbers for those Class Members. If, after three mailings of the Notice, the Notice is returned by the postal service as undeliverable, the parties shall be deemed to have satisfied their obligation to provide the applicable Notice to any such putative member of the Settlement Classes. Class Counsel shall not initiate any further contact or other communications with Wisconsin Rule 23 Compensation Class Members but may respond to inquiries from Wisconsin Rule 23 Compensation Class Members.

9.       **OBJECTIONS BY WISCONSIN RULE 23 COMPENSATION CLASS MEMBERS**.  Any Wisconsin Rule 23 Compensation Class Member who intends to object to the fairness of the Settlement Agreement must, by the date specified in the preliminary order approving settlement (which shall be no later than 45 days after the mailing of the Class Notice), file any such objection with the Court and provide copies of the objection to both Class Counsel and counsel for Badger Brothers as provided in the Notice.

a.    **FORM OF OBJECTIONS**.  Any objection to the Settlement Agreement must include: (a) the objector's full name, address, and telephone number; (b) a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (c) copies of any papers, briefs, or other documents upon which the objection is based; (d) a list of all persons who will be called to testify in support of the objection at the Fairness Hearing; and (e) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Wisconsin Rule 23 Compensation Class Member who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

10.     **REQUEST FOR EXCLUSION BY WISCONSIN RULE 23 COMPENSATION CLASS MEMBERS.**  Any Wisconsin Rule 23 Compensation Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion as set forth in the Class Notice no later than 45 days after the mailing of the Notice.  Class Counsel shall file any exclusion that it receives pursuant to this paragraph with the Court via ECF.  Any Wisconsin Rule 23 Compensation Class Member who fails to submit a timely request to be excluded shall receive his or her pro-rata portion of the Wisconsin Rule 23 Compensation Class settlement and shall therefore be subject to and bound by this Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement, and shall be deemed to have released their Wisconsin wage and hour claims.

11.     **NO CLAIMS MADE PROCESS.**  The settlement payments shall be paid without a claims-made process for the Wisconsin Rule 23 Compensation Class Members who have not opted out and for FLSA Collective Compensation Class Members who have timely filed an FLSA Consent Form, as set forth in **Appendix A** to this Agreement, subject to any adjustments described above in paragraph 3.  Upon the Court's final approval, all members of this Wisconsin Rule 23 Compensation Class that have not excluded themselves from this Agreement as provided herein shall have released their claims as set forth in paragraph 6 above and shall be entitled to their pro-rata portion of the Wisconsin Rule 23 Compensation Class Settlement Fund.  Upon the Court's Final Approval of this Agreement, all members of the FLSA Collective Compensation Class that have timely submitted a Consent Form, as provided herein, shall have released their claims as set forth in paragraph 5 above and shall be entitled to their pro-rata portions of the Collective Compensation Class Settlement Fund.

12.     **FAIRNESS HEARING**.  On the date set forth in the preliminary approval order, a Fairness Hearing will be held at which the Court will: (a) decide whether to certify the FLSA Collective Compensation Class and Wisconsin Rule 23 Compensation Class; (b) decide whether to approve the Settlement Agreement as fair, reasonable, and adequate; and (c) decide Class Counsel's Motion for Service Payment and Attorney's Fees and Costs.

13.     **ENTRY OF JUDGMENT**.  If this Agreement is finally approved by the Court, a final order approving settlement and directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows:

   a.   Certifying the Wisconsin Rule 23 Compensation Class pursuant to Fed. R. Civ. P. 23 and the FLSA Collective Compensation Class pursuant to 29 U.S.C. § 216(b);

   b.   Approving this Agreement as fair, reasonable, and adequate as it applies to the Final Settlement Classes;

   c.   Appointing Connor Neeck and Isaiah West as Class Representatives for the Final Settlement Classes;

   d.   Appointing Hawks Quindel, S.C. as Class Counsel;

   e.   Declaring this Agreement to be binding on Badger Brothers, and Connor Neeck and Isaiah West, and the Final Settlement Classes;

   f.   Dismissing Case No. 19-cv-834 and the claims asserted in that litigation by Connor Neeck and Isaiah West with prejudice and without further costs to either party;

   g.   Dismissing with prejudice and without further costs to either party the released claims of the Final Settlement Classes;

   h.   Dismissing without prejudice the claims of the putative Wisconsin Rule 23 Compensation Class Members who have properly and timely excluded themselves in full accordance with the procedures set forth in this Settlement Agreement; and

   i.   Indicating the amount of the Service Payment to Connor Neeck and Isaiah West and attorney's fees and costs to be awarded to Class Counsel consistent with the Settlement.

14.     **UNCLAIMED SETTLEMENT FUNDS/REVERSION**.  Unclaimed amounts from payments to Class Members shall be handed as follows:

   a.   For Wisconsin Rule 23 Compensation Class Members who exercise their right to opt out of the settlement of their Wisconsin law claims, the amounts allocated

to these Class Members under Paragraph 3(a) above, and their corresponding columns on **Appendix C** to this Agreement, shall be returned to Badger Brothers. The amount allocated to the Class Representative Service Payments, litigation and administrative costs, and attorney's fees shall not be impacted. In the event a Wisconsin Rule 23 Compensation Class Member excludes him/herself from the Wisconsin Compensation settlement but opts in to the FLSA Collective Compensation settlement, that individual's allocation shall be reduced by the proportion of their claim which is apportioned to gap time damages and damages for deductions to the Base Performance Compensation, with the unclaimed amounts reverting to Badger Brothers.

b. Any other unclaimed amounts of the settlement funds, whether due to failure to cash a check within 90 days of its issuance ("Expiration Date") or inability to locate a putative member of the Settlement Classes or for any other reason, shall be returned to Badger Brothers. The amounts allocated to the Class Representative Service Payment, litigation and administrative costs, and attorney's fees shall not be impacted.

15. **BLOW UP PROVISION**. If more than 25% of members of the Wisconsin Rule 23 Compensation Class opt out of the settlement, then, at Badger Brothers' option, and no later than 14 days after the close of the opt-out period, this Agreement and the preliminary approval order shall be null and void, and the lawsuit will continue pursuant to schedule to be set by the Court with all parties retaining and putative class members retaining all of the claims and defenses that existed at the time of settlement. Badger Brothers shall notify the Court and Class Counsel of their decision to invoke this provision of the Agreement by filing via ECF a notice with the Court of their intent to do so and requesting the Court set a time for a scheduling conference according to the time limit stated herein.

16. **AGREEMENT NULL AND VOID IF NOT APPROVED BY THE COURT**. If this Agreement fails to be approved, then this Agreement shall be null and void and the lawsuit will continue pursuant to a schedule to be set by the Court with all parties retaining and putative class members retaining all of their claims and defenses that existed at the time of settlement.

17. **NO ADMISSION OF LAW OR FACT THROUGH THIS AGREEMENT**. In the event this Agreement shall become null and void for any reason, the provisions of Rule 408 of the Federal Rules of Evidence will apply. No admission of law or fact, or combination thereof, will be found to exist as a result of this Agreement.

18. **NO ADMISSION OF LIABILITY OR LACK OF MERIT THROUGH THIS AGREEMENT**. Neither this Agreement nor any negotiations shall be construed, offered, received as, or deemed to be evidence of an admission or concession by the Class Representatives or the Class of lack of merit, or by Badger Brothers of any liability or wrongdoing whatsoever, whether as alleged in the Complaint or otherwise. Badger Brothers specifically denies that the conduct alleged in the Complaint gives rise to any such liability.

19.     **ENTIRE AGREEMENT**.  The parties acknowledge that this Agreement along with all Appendices to this Agreement constitute the entire agreement among the parties, and any other earlier or contemporaneous oral or written agreement respecting its subject matter shall have no force or effect.  This Agreement includes all the representations of every kind and nature made by the parties one to the other.

20.     **AMENDMENTS**.  The parties agree that no party shall be deemed to have drafted this Agreement.  The parties cannot alter or modify this Agreement except by an instrument in writing executed by each of them.

21.     **COUNTERPARTS**.  This Agreement may be executed in any number of counterparts, with signatures transmitted via facsimile and/or electronically scanned and mailed formats, each of which together shall be deemed one and the same instrument.  The parties agree that a facsimile, PDF or other electronic signature to this Release and Settlement Agreement shall be treated and deemed as an original signature.

22.     **NO ASSIGNMENT**.  Each person executing this Agreement on behalf of any party hereto hereby warrants and represents that such person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

23.     **AGREEMENT TO COOPERATE FOR APPROVAL OF SETTLEMENT**. The parties to this Agreement agree to cooperate in the submission of this Agreement to the Court. As soon as practicable, they will take all necessary steps to secure the District Court's preliminary approval of this Agreement.  After notice to the Class and an opportunity to object, the Parties will take all steps reasonably necessary to secure the District Court's final approval of the Agreement and to secure the dismissal of this lawsuit with prejudice, on and subject to the procedures and conditions set forth herein.  The Parties shall cooperate in taking any such other steps as may be necessary or as may be requested by the Court and shall otherwise use their best efforts to implement this Agreement and the settlement provided for herein.

24.     **WAIVER OF CLAIMS FOR ATTORNEY'S FEES AND COSTS**.  In consideration of this Agreement, Connor Neeck and Isaiah West hereby waive, discharge, and release the Releasees, as defined herein, of and from any and all claims for Attorney's Fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this case, except for the attorney's fees and costs that are awarded by the Court in this case pursuant to the yet-to-be-filed petition for Class Counsel's or attorney's fees and costs incurred upon any appeal of the Court's order finally approving this Agreement.

25.     **CHOICE OF LAW**.  This Agreement shall be governed by and interpreted in accordance with the laws of the State of Wisconsin for state issues and federal law for federal issues.

\*\*\*

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement with the intent to be legally bound by its terms and conditions.

**ON BEHALF OF PLAINTIFFS AND THE SETTLEMENT CLASSES:**

_____          _____
Connor Neeck                                                                    Date

_____          _____
Isaiah West                                                                        Date

**ON BEHALF OF BADGER BROTHERS MOVING, LLC:**

By: _____

Name: _____

Title: _____

Date: _____

# Appendix A

**FLSA Collective Compensation Class**
**Name**

Aaron Freimuth

Cameron Hoff

Connor Neeck

Dalton Walsh

Elliot Patterson

Ian Sedlacek

Isaiah West

Jacob Gascho

Jacob Varick

John Manley

Ross Claypool

**Wisconsin Rule 23 Compensation Class**

Aaron Chitwood
Aaron Friemuth
Aaron Wendt
Adam Hubert
Adam Loveland
Andrew Kegel
Andrew McClyman
Andrew Rosecan
Andrew Ruzek
Andrew Stein
Arlington Muhl
Austin Abromeit
Avinash Debnath
Ben Rimkus
Ben Stone
Brady Butler
Brady Wetter
Brett Connors
Bryan Vanwesten
Cal Larsen
Caleb Kuepers
Calen Terry
Carl Samz
Carlos Harried
Cheyenne Gaytan
Clayton Skogman
Colton Davis
Dan Smith
Daniel Smith
Diego Salazar
Drake Lindholm
Dustin Koppa
Dylan Boisvert
Ed Hugo
Ethan Currie
Ethan Heroux
Evan Hsieh
Francisco Penaloza
Gabe Gavin
Gabe McGinnity
Gavin Bodendein
Grant Moll
Harrison McMillian

**Wisconsin Rule 23 Compensation Class**
Harrison McMillan
Hayden Aguirre
Hunter Nelson
Hunter Reynolds
Hunter Utz
Ian Dretzka
Ian Fairweather
Jack Cords
Jack Gage
Jackson Kowalski
Jacob Wotruba
Jakob Nelson
James Dulme
James Paradisin
Jayce Yellowbird
Joe Lehrmann
John Hotchkiss
Josh Kelly
Josh Peters
Julian Harvey
Kevin Schneider
Kobe Schmitz
Kyle Kerrigan
Liam Hammett-Hayes
Lucas Morrical
Mark Hermann
Mark Salamone
Marquis Tonsager
Matt Fischer
Max Valenza
Mike Huntington
Mike Katzenberger
Mike O'Shea
Mike Van Haren
Myles Patient
Nathan Larson
Nathan Makinen
Nathan Thomas
Nathaniel Timmons
Nicholas Thomas
Nick Lane
Nick Muccio
Nick Shepard

**Wisconsin Rule 23 Compensation Class**

Nikko Manning
Noah Matousek
Nyshun McGhee
Oscar Cruz
Ramiro Lopez
Roberto Godinez
Ryan Gonwa
Ryan Krbecek
Sam Thompson
Scott Bouzane
Seamus Doyle
Shane Brady
Stephen Paoli
Steven Kelly
Ted Drogemuller
Theodore Drogemuller
Travis Braley
Travis Wagner
Tristain Pittsley
Tyler Weum
Valentino Coy
Wyatt Schauf
Zach Miller

# Appendix B

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

*If you worked as a laborer and/or crew lead for Badger Brothers Moving LLC between October 9, 2017 and May 4, 2020, you may be entitled to benefits under this settlement.*

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.**

*A Federal Court has authorized this Notice.*

**NOTICE OF CLASS ACTION SETTLEMENT:**

TO:      [Name]

RE:      Settlement of Alleged Wage Claims

- Connor Neeck and Isaiah West (the "Class Representatives"), filed a lawsuit claiming that Badger Brothers Moving LLC ("BBM") allegedly failed to properly pay wages to laborers and crew leads for pre- and post-shift work, making certain deductions from wages for damages, and failing to properly calculate overtime wages.

- BBM has denied and continues to deny the allegations in the Complaint and represents that its policies and practices were proper and in compliance with the law at all times.

- For settlement purposes, the Court has certified this case as a class action on behalf of laborers and/or crew leads who worked for BBM between October 9, 2017 and May 4, 2020 (the "Class Period").

- BBM and the Class Representative have agreed to resolve the wage claims of the Class Representatives and laborers and/or crew leads who worked for BBM during the Class Period (the "Settlement"). This Notice is to inform you about the status of this Complaint, including your potential right to receive a share of the funds paid by BBM to resolve these claims (the "Settlement Fund"). **Your legal rights are affected and you have a choice to make in this action now:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| PARTICIPATE IN THE SETTLEMENT | If you do nothing, you will automatically participate in the Settlement. If you are entitled to any consideration for your participation in the Settlement, you will receive a check in the approximate amount as explained in Paragraph 3 below. If you do nothing, and you did not consent to join the Fair Labor Standards Act ("FLSA") collective class, you will release any Wisconsin wage claim that arose during the course of your employment with BBM and during the Class Period. See Paragraph 9(a) below. If you did consent to join the FLSA collective class, and you do not |

| | exclude yourself from the Settlement, you will also release any FLSA claim that arose during your employment and during the period three years prior to the date your consent form was received by the Court. |
|---|---|
| OBJECT | Write the Court about why you do not like the Settlement. Note: If you object but do not exclude yourself, you will still be bound by the terms of the Settlement. See Paragraph 9(b). |
| ATTEND THE HEARING | Ask to speak to the Court about the fairness of the Settlement. |
| EXCLUDE YOURSELF | You will be unable to participate in the Settlement if you choose this option but will retain any rights you may have against BBM over the claims in this case. See Paragraph 9(b). |

Your options are explained in this Notice. Please read it carefully. To exclude yourself from the Settlement you must act before [**45 days from mailing**].

## 1.  What is this Notice about?

On October 9, 2019, the Class Representatives filed a Complaint in the United States District Court for the Western District of Wisconsin on behalf of themselves and other similarly-situated laborers and crew leads employed by BBM, alleging violations of the Fair Labor Standards Act and Wisconsin state law.

Specifically, the Class Representatives alleged that BBM did not pay laborers and crew leads for pre- and post-shift work, made unlawful deductions from wages, and did not include all wages earned when calculating overtime pay. BBM does not admit to any wrongdoing or liability and, in fact, denies that it violated federal or state wage and hour law. However, to avoid additional costs and time-consuming litigation, BBM has offered to settle the matter according to the terms of the Settlement.

## 2.  Who is included in the Settlement Class?

The following settlement class has been certified: All persons employed as laborers and/or crew leads between October 9, 2017 and May 4, 2020.

## 3.  What are the Benefits and Terms of the Settlement?

To settle this case, BBM has negotiated in good faith and at arms' length with Class Counsel to establish the "Settlement Fund." The Settlement Fund will be used to pay employees for off-the-clock work, deductions from wages, and overtime wages due pursuant to federal and Wisconsin law.

In addition, the Settlement Fund will be used to pay attorneys' fees and costs related to this lawsuit as well as an Enhancement Payment to the Class Representatives and additional damages under Wisconsin law and the Federal Fair Labor Standards Act. If you choose to participate, you shall receive, if the Court approves the Settlement, a portion of the Settlement Fund, after payment of attorneys' fees, costs, and expenses. **Assuming the Court approves the Settlement, your gross settlement amount, less applicable taxes and withholdings, will be:**

$[insert]

| **4. Who is Class Counsel?** |
|---|

The Court appointed the following lawyers as Class Counsel to represent the certified settlement class:

> David C. Zoeller
> Caitlin M. Madden
> Vanessa A. Kuettel
> Hawks Quindel, S.C.
> P.O. Box 2155
> Madison, Wisconsin 53701-2155
> (608) 257-0040

| **5. How much are Attorneys' Fees?** |
|---|

Class Counsel has pursued the Complaint on a contingent basis and has not received any payment of fees or any reimbursement of their out-of-pocket expenses related to the recovery on behalf of the class. As part of the Settlement, subject to Court approval, Class Counsel will apply for fees in an amount not to exceed 33% of the Settlement Fund. Under this Settlement, Class Counsel will recover compensation from the Settlement Fund. Participating class members will not be required to make any payments to Class Counsel for attorneys' fees or other litigation costs from their individual settlement amounts. Class members may object to the terms of the Settlement and/or to Class Counsel's request for attorneys' fees and expenses, pursuant to Paragraph 9(c). If attorneys' fees of less than 33% of the Settlement Fund are approved, or if the Court awards less than the requested amount of the Enhancement Payment to the Class Representatives, the difference between those requested amounts and those approved amounts shall be re-distributed to the participating class members.

**6.  What happens if the Court approves the Settlement?**

If the Court approves the proposed Settlement, it will enter a judgment that will dismiss the Complaint with prejudice on the merits. This means that class members who did not exclude themselves, and who did not return a consent form, will not be able to bring further claims against BBM for Wisconsin state wage and hour claims that arose in the course of such class member's employment with BBM between October 9, 2017 and May 4, 2020.  Class members who do not exclude themselves and who returned a timely executed consent form shall also be deemed to have released federal wage and hour claims. Class members who validly and timely request exclusion from the Settlement will not release any federal or Wisconsin state wage and hour claims, if any.

**7.  What happens if the Court does not approve the Settlement?**

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted, and there can be no assurance that the class will recover more than is provided for in this Settlement or, indeed, anything.

**8.  When is the Fairness Hearing?**

A hearing will be held before the Honorable Judge William M. Conley, United States District Court for the Western District of Wisconsin, 120 North Henry Street, Madison, Wisconsin on [DATE]. The purpose of the hearing is for the Court to decide whether the proposed Settlement is fair, reasonable, and adequate and should be approved and, if so, to determine what amount of attorneys' fees and expenses should be awarded to Class Counsel. The time and date of this hearing may be changed without further notice.

**9.  What are my options regarding the Settlement?**

If you are receiving this Notice, you have the following options:

        A.  **Participate in the Settlement:**  Assuming the Court approves the Settlement, you will receive a check in the approximate gross (before withholding and deductions) amount set forth in Paragraph 3 above. You need not take any action to receive this amount.

        B.  **Request to be Excluded:**  If you wish to be excluded from the settlement class, you must submit, no later than **[date 45 days from mailing]**, a written request to be excluded from the Settlement. Requests for exclusion should be sent to Caitlin Madden, Hawks Quindel, S.C., P.O. Box 2155, Madison, Wisconsin 53701-2155. **If you exclude yourself, you will <u>not</u> receive any monies from the Settlement.**

4

Failure to timely submit your request for exclusion will result in your remaining a member of the settlement class and being bound by any final judgment. **If you validly and timely request exclusion from the settlement class, you will not be bound by any final judgment, and you will not be precluded from instituting or prosecuting any individual claim you may otherwise have against BBM related to the subject matter of this Settlement, subject to all defenses BBM may have.**

           C.    **Object:**  If you are a class member and you do not request to be excluded, you may object to the terms of the Settlement and/or to the Class Counsel's request for attorneys' fees and expenses. If you object and the Settlement is approved and you fail to submit a timely valid request to be excluded, you will not be able to assert your own claims related to the matters released through this Settlement, and you will be bound by the final judgment and all orders entered by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

       If you object to the Settlement and/or to Class Counsel's request for attorneys' fees and expenses, you must, on or before **[date 45 days from mailing]**, file any such objection with the Court and provide copies of the objection to: Caitlin Madden, Hawks Quindel, S.C., P.O. Box 2155, Madison, Wisconsin 53701-2155 and Michael J. Modl, Axley Brynelson, LLP, 2 E. Mifflin Street, Suite 200, Madison, Wisconsin 53703. The objection shall state: (i) the objector's full name, address, and telephone number; (ii) the objector's dates of employment with BBM and job title(s) while employed; (iii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and, (vi) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Settlement class members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

---

**10. Are there more details available?**

---

For additional information you may contact Class Counsel by (a) calling Caitlin M. Madden at 608-257-0040; or (b) sending correspondence to Caitlin M. Madden, Hawks Quindel, S.C., P.O. Box 2155, Madison, Wisconsin 53701-2155, cmadden@hq-law.com.

**NO INQUIRIES SHOULD BE DIRECTED TO THE COURT.**

Dated:  [date of mailing]                        BY ORDER OF THE COURT
                                            Clerk of the Court

# Appendix C

| Name | Initial Allocation |
|------|-------------------:|
| Aaron Chitwood | $ 20.00 |
| Aaron Freimuth | $ 681.47 |
| Aaron Wendt | $ 404.10 |
| Adam Hubert | $ 1,331.53 |
| Adam Loveland | $ 83.84 |
| Andrew Kegel | $ 490.09 |
| Andrew McClyman | $ 30.49 |
| Andrew Rosecan | $ 23.01 |
| Andrew Stein | $ 112.78 |
| Austin Abromeit | $ 98.93 |
| Avinash Debnath | $ 736.63 |
| Ben Rimkus | $ 4,258.26 |
| Brady Butler | $ 94.70 |
| Brett Connors | $ 1,530.91 |
| Bryan Vanwesten | $ 750.11 |
| Cal Larsen | $ 195.88 |
| Caleb Kuepers | $ 23.01 |
| Calen Terry | $ 2,096.68 |
| Cameron Hoff | $ 240.60 |
| Carlos Harried | $ 80.58 |
| Cheyenne Gaytan | $ 122.24 |
| Clayton Skogman | $ 20.00 |
| Colton Davis | $ 719.24 |
| Connor Neeck | $ 79.20 |
| Dalton Walsh | $ 247.09 |
| Daniel Smith | $ 187.64 |
| Diego Salazar | $ 192.75 |
| Drake Lindholm | $ 227.92 |
| Dustin Koppa | $ 195.91 |
| Dylan Boisvert | $ 20.00 |
| Ed Hugo | $ 279.69 |
| Elliot Patterson | $ 345.80 |
| Evan Hsieh | $ 42.74 |
| Francisco Penaloza | $ 32.88 |
| Gabe Gavin | $ 1,230.86 |
| Gabe McGinnity | $ 115.17 |
| Gavin Bodendein | $ 39.45 |
| Grant Moll | $ 546.44 |
| Harrison McMillan | $ 20.00 |
| Hayden Aguirre | $ 240.64 |
| Hunter Nelson | $ 39.45 |
| Hunter Reynolds | $ 20.00 |
| Hunter Utz | $ 71.74 |

| Name | Initial Allocation |
|------|-------------------|
| Ian Sedlacek | $ 636.57 |
| Isaiah West | $ 2,673.97 |
| Jack Gage | $ 297.51 |
| Jackson Kowalski | $ 255.41 |
| Jacob Gascho | $ 481.41 |
| Jacob Varick | $ 349.66 |
| Jacob Wotruba | $ 72.33 |
| Jakob Nelson | $ 258.75 |
| James Dulme | $ 20.00 |
| James Paradisin | $ 26.30 |
| Jayce Yellowbird | $ 1,632.70 |
| Joe Lehrmann | $ 20.00 |
| John Hotchkiss | $ 65.01 |
| John Manley | $ 294.06 |
| Josh Kelly | $ 65.75 |
| Julian Harvey | $ 120.06 |
| Kevin Schneider | $ 72.33 |
| Kyle Kerrigan | $ 81.00 |
| Liam Hammett-Hayes | $ 232.96 |
| Lucas Morrical | $ 20.00 |
| Mark Salamone | $ 23.01 |
| Marquis Tonsager | $ 62.47 |
| Matt Fischer | $ 2,421.71 |
| Max Valenza | $ 172.45 |
| Mike Katzenberger | $ 262.45 |
| Mike O'Shea | $ 486.39 |
| Mike Van Haren | $ 362.18 |
| Myles Patient | $ 3,674.73 |
| Nathan Larson | $ 91.55 |
| Nathan Makinen | $ 20.00 |
| Nathaniel Timmons | $ 20.00 |
| Nick Shepard | $ 371.42 |
| Nikko Manning | $ 183.39 |
| Noah Matousek | $ 32.88 |
| Nyshun McGhee | $ 256.27 |
| Oscar Cruz | $ 268.09 |
| Ramiro Lopez | $ 669.30 |
| Ross Claypool | $ 482.12 |
| Ryan Gonwa | $ 726.42 |
| Ryan Krbecek | $ 1,657.09 |
| Sam Thompson | $ 69.04 |
| Scott Bouzane | $ 271.71 |
| Seamus Doyle | $ 473.59 |

| Name | Initial Allocation |
|---|---|
| Shane Brady | $ 225.89 |
| Stephen Paoli | $ 87.19 |
| Theodore Drogemuller | $ 1,199.15 |
| Travis Braley | $ 2,611.26 |
| Travis Wagner | $ 817.67 |
| Tristain Pittsley | $ 104.90 |
| Tyler Weum | $ 98.49 |
| Valentino Coy | $ 321.56 |
| Wyatt Schauf | $ 126.07 |
| Zach Miller | $ 20.00 |