IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**CONNOR NEECK**
and **ISAIAH WEST**,
individually and on behalf
of all others similarly situated,

      Plaintiffs,

            Case No. 19-cv-834

    vs.

**BADGER BROTHERS MOVING LLC**,

      Defendant.

## ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Based on the parties' submissions in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement as well as the record as a whole, IT IS ORDERED THAT:

(1) Preliminary approval of the Settlement Agreement is granted as the Court finds that the settlement terms negotiated by the parties and described in the Settlement Agreement are a fair, reasonable, and adequate resolution of a *bona fide* dispute between Defendant, Badger Brothers Moving LLC, and all affected employees;

(2) The Fed. R. Civ. P. 23 settlement class defined in the Settlement Agreement is certified for settlement purposes pursuant to Fed. R. Civ. P. 23. The Court finds that this class meets the Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3)

requirements. The Rule 23 settlement class is defined as follows:

> All persons who have been or are currently employed by
> Badger Brothers Moving LLC as laborers and/or crew
> leads in the state of Wisconsin between October 9, 2017
> and May 4, 2020.

(3)     Connor Neeck and Isaiah West shall serve as Class Representatives of the settlement class;

(4)     The law firm of Hawks Quindel, S.C. is hereby appointed as Class Counsel for the settlement class;

(5)     The Court approves the Notice of Class Action Settlement attached as Exhibit B to the Settlement Agreement and finds that this Notice constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to class members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

(6)     The Court directs each potential class member who wishes to be excluded from the Rule 23 settlement class to opt-out per the instructions set forth in the Notice, and their response must be received by a date and time to be determined by the Court;

(7)     Any class member who has not properly and timely requested exclusion from the settlement class shall be bound in the event the Court issues a final order approving settlement;

(8)     Class Counsel shall file a petition for approval of attorneys' fees and costs at least 21 days prior to the Fairness Hearing, and any supplemental brief in support of final approval of the Settlement Agreement or in response to any objections

2

to the application for attorneys' fees and costs shall be filed at least 7 days before the Fairness Hearing, and the Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel;

(9)     Any class member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Notice no later than 45 days after the mailing of the Notice, together with copies of all papers in support of his or her position;

(10)     The Court will conduct a Fairness Hearing at a time to be determined by the Court, but that is no sooner than 100 days from the date of preliminary approval; and

(11)     In the event that the Court does not grant final approval following the Fairness Hearing, the Court's order preliminarily certifying the class shall be null and void.

Dated this _____ day of _____, 2020.

By: _____
        Honorable William M. Conley
        U.S. District Court, Western District of Wisconsin

3