IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

CONNOR NEECK and ISAIAH WEST, individually
and on behalf of all those similarly situated,

                      Plaintiff,                      OPINION AND ORDER

   v.
                                                      19-cv-834-wmc

BADGER BROTHERS MOVING LLC,

                      Defendant.
───────────────────────────────────────────────

      Plaintiffs Connor Neeck and Isaiah West bring this putative class action on behalf of themselves and others similarly situated, claiming that defendant Badger Brothers Moving LLC violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Wisconsin state law, by (1) miscalculating overtime compensation, (2) failing to pay employees for time worked off the clock, and (3) making unlawful deductions from wages. (Compl. (dkt. #1).) Presently before the court are the parties' joint stipulation to certify a class under Rule 23 (dkt. #19), as well as plaintiffs' unopposed motion for preliminary approval of settlement agreement (dkt. #20). The court will grant both motions and set a fairness hearing for May 13, 2021, at 11:00 a.m.

BACKGROUND

      Plaintiffs filed this collective and class action on October 9, 2019. Defendant answered the complaint on November 4, 2019, denying the claims. (Answ. (dkt. #5).) On January 27, 2020, the parties filed a stipulated motion for conditional certification of an FLSA collective action (dkt. #11), which the court accepted (dkt. #12). In response to the court-approved notice, eight other employees submitted consent forms to join the

lawsuit. (Dkt. ##13, 14. 15.) The parties then participated in a settlement conference with Magistrate Judge Peter A. Oppeneer, resulting in the proposed settlement. (Dkt. #17.)

As set forth in plaintiff's unopposed motion for preliminary approval of a class action settlement, and in the underlying settlement agreement attached to that motion, the outline of the parties' agreement is as follows:

- There is a $70,000 settlement fund.
- There is no claims process -- class members will receive settlement funds unless they exclude themselves.
- If class members exclude themselves, cannot be located, or fail to cash their settlement check within 90 days of mailing, their allocated settlement amounts revert to defendant.
- Class members will receive a minimum allocation of $20.00.
- Class members and FLSA opt-ins will release defendant of their claims through May 4, 2020.
- Enhancement payments of $1,000.00 each will be requested for the two named plaintiffs.
- Class counsel will request attorney's fees in the amount of one-third of the settlement amount.

(Pls.' Br. (dkt. #22) 4.)

As detailed in plaintiffs' brief, class counsel created a model to calculate settlement allocations for each of the FLSA opt-in plaintiffs (11) and for the Rule 23 class members (approximately 110). The calculations took into account the number of hours worked, the number of shifts worked, the pay rate or rates used, and the amount of wages paid for each work week to each putative class member. (Pls.' Br. (dkt. #22) 13-15.) The calculations also accounted for the liquidated damages available for the FLSA opt-in plaintiffs.

Based on these calculations, class members will receive 80% of their maximum, fully-liquidated claim value under the settlement. (*Id.* at 15.) Further, the settlement amounts range from the minimum $20 to $4,258.26, with the average claim of $465.28. (*Id.*; *see also* Settlement Agreement, App. C (dkt. #21) 26-28.) Finally, all parties represent that the settlement terms, which counsel attest were reached through arm's length negotiations following mediation, will provide all participating class members a substantial benefit.

ORDER

I. **Preliminary Settlement Approval**

1. Based upon the court's review of the plaintiffs' unopposed motion for preliminary approval of class action settlement agreement (dkt. #20), as well as their brief in support and other materials submitted in connection with the motion, preliminary approval of the proposed settlement is GRANTED because the proposed settlement appears "within the range of possible approval," *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998); and it appears to have been reached as a result of vigorously-contested litigation to resolve bona fide disputes, *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982).

2. The court further finds that the proposed settlement appears to be the result of extensive, arm's-length negotiations by counsel, who were well-versed in the prosecution and defense of wage-and-hour class action lawsuits.

3. For these reasons, the court is satisfied that the settlement is facially reasonable, except for:

    (a) a lack of adequate explanation for the provision for unclaimed settlement funds to revert to defendant, which the parties should be prepared to justify in their motion for final approval and at the fairness hearing; and

    (b) a better understanding of the basis for counsel's application for attorneys' fees, including review of counsel's hourly billing records and rates as a factor in determining an appropriate fee award before final approval of the settlement.

## II.  Certification of the Rule 23 Class Action

4. The parties' joint stipulation to certify class under Rule 23 (dkt. #19) is GRANTED.

5. For settlement purposes, the court certifies the following class under Fed. R. Civ. P. 23(e) (the "Class"):

> All persons who have been or are currently employed by Badger Brothers Moving LLC as laborers and/or crew leads in the state of Wisconsin between October 9, 2017 and May 4, 2020.

(Joint Stip. (dkt. #19) ¶ 2.)

6. The Class meets all of the prerequisites for certification under Fed. R. Civ. P. 23(a) because:

    a) the Class is so numerous as to make it impracticable to join all members;

    b) the Class members share common issues of fact and law, in whole or part, including:

      i. whether defendant failed to pay regular and overtime wages to plaintiffs and other members of the Class in violation of Wis. Stat. §§ 103.03, 103.09 and Wis. Admin. Code § DWD 174.03;

      ii. whether defendant deducted earned wages from plaintiffs and members of the Class without authorization in violation of Wis. Stat. § 103.455;

      iii. the nature and amount of compensable work performed by plaintiffs and members of the class; and

      iv. the proper measure of damages sustained by the proposed Rule 23 class members.

c) the claims of the named plaintiffs Connor Neeck and Isaiah West are typical of the claims of the class members with respect to the alleged actions and violations outlined in the complaint; and

d) named plaintiffs' interests are not antagonistic to the other Class members' interests, and their counsel will fairly and adequately protect the interests of the Class as a whole.

7. The Class satisfies Fed. R. Civ. P. 23(b)(3) because common factual allegations and a common legal theory predominate over any factual or legal variations among individual class members. Resolution of this case as a class action is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class members, particularly those who lack the resources or incentives to bring their claims individually.

**III. Appointment of Plaintiff's Counsel as Class Counsel and the Named Plaintiff as Class Representative.**

8. The court appoints Hawks Quindel, S.C., as Class Counsel because:

   (a) it meets all of the requirements of Fed. R. Civ. P. 23(g);

   (b) it did substantial work identifying, investigating, prosecuting, and settling the Class members' claims;

   (c) its attorneys have substantial experience prosecuting and settling employment class actions, including wage-and-hour class actions, and are well-versed in class action and wage-and-hour law;

   (d) it has been found adequate as counsel in employment law class actions in the past in both the Western and Eastern Districts of Wisconsin; and

   (e) the work that class counsel has performed in litigating and settling this case demonstrates its commitment to the Class and to representing the interests of its members.

9. For the reasons set for the above, the court appoints plaintiffs Connor Neeck and Isaiah West as the Class Representatives.

**IV. Class Notice and Settlement Procedure**

10. With one change, the court approves the proposed Notice of Class Action Settlement attached as Appendix B to the parties' Settlement Agreement (dkt. #21 at 20-24), and it directs the distribution of the Notice as set forth below. Under ¶ 9, Class Counsel should amend the notice to require Class members objecting to the settlement to send their objections to the court only. More specifically, objectors need *not* send copies

6

to the parties' counsel; instead, the court will docket any objections received. In that same section, counsel should include the court's address.

11. The Notice satisfies each of the requirements of Fed. R. Civ. P. 23(c)(2)(B), and it gives the Class members adequate notice of the proposed settlement.

12. The court approves the following settlement procedure and timeline:

   a) no later than February 22, 2021, Class counsel will mail the Notice of Settlement to the class members;

   b) Class members will have 45 days from the date of the mailing to review the terms of the Notice and submit a request to be excluded or any objections;

   c) no later than April 22, 2021, Class counsel shall file a petition for reasonable attorneys' fees and costs not to exceed $23,333.33;

   d) any supplemental briefing on the parties' motion for final approval of the settlement and any objective to class counsel's fee petition are due on or before May 6, 2021; and

   e) the court will hold a fairness hearing on May 13, 2021, at 11:00 a.m.

Entered this 1st day of February, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge