IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CONNOR NEECK and ISAIAH WEST,
individually and on behalf of
all others similarly situated,

                         Plaintiffs,                        OPINION AND ORDER

    v.

                                                              19-cv-834-wmc

BADGER BROTHERS MOVING, LLC,

                        Defendant.

---

        Named plaintiffs and class representatives Connor Neeck and Isaiah West brought collective and class action claims against defendant Badger Brothers Moving, LLC, seeking to recover unpaid overtime wages due to them and other similarly-situated workers. The parties have now reached a settlement, and before the court is plaintiffs' unopposed motion for final approval of the class action settlement. (Dkt. #32.) Plaintiffs have also filed an unopposed motion for class counsel's costs and attorneys' fees. (Dkt. #27.) The court held a fairness hearing on May 13, 2021. For the reasons below, the court will grant both motions.

BACKGROUND

        In this lawsuit, plaintiffs Connor Neeck and Isaiah West alleged that defendant Badger Brothers failed to pay them and similarly-situated employees overtime wages in violation of state law and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203. The court previously accepted the parties' stipulated motion for consideration certification of an FLSA collective action, which resulted in 11 FLSA collective action members. (Order

(dkt. #12); FLSA opt-in notices (dkt. ##13, 14, 15.)

On September 4, 2020, the parties also submitted a stipulation for class certification, and plaintiffs submitted an unopposed motion for preliminary approval of settlement agreement, which the court granted. (Joint Stip. for Class Certification (dkt. #19); Pls.' Unopposed Mot. for Prelim. Approval of Settlement Agreement (dkt. #20); Order (dkt. #26).) The class in this case is defined as "[a]ll persons who have been or are currently employed by Badger Brothers Moving LLC as laborers and/or crew leads in the state of Wisconsin between October 9, 2017, and May 4, 2020." (Order (dkt. #26) 4.) This class consists of approximately 96 individuals. (Madden Decl. (dkt. #29) ¶ 22.)

### A. Overview of Settlement Agreement

As detailed in the court's prior order preliminarily approving the settlement, the settlement creates a common fund of $70,000 to be used to pay participating class members claims, costs, attorneys' fees, and an enhancement payment to each of the named plaintiffs. (Order (dkt. #26) 2.) Under the terms of the settlement, class members will receive 80% of their maximum fully-liquidated claim value. (*Id.* at 3.) The calculations took into account the number of hours worked, the number of shifts worked, the pay rate or rates used, the amount of wages paid for each work week to each class member, and accounted for the liquidated damages available for the FLSA opt-in plaintiffs. (*Id.* at 2.) The settlement amounts range from a guaranteed minimum of $20 to $4,258.26, with the average amount of $465.28. (*Id.* at 3.) Additionally, the settlement proposes an incentive award of $1,000 to be paid to each of the class representatives Connor Neeck and Isaiah West. Moreover, class counsel seeks an award of attorneys' fees and costs in the total

amount of $23,333.33 -- representing one third of the settlement fund.

### B. Notice, Objections and Exclusions

After certifying the class for settlement purposes and approving the settlement preliminarily, class counsel sent a notice to the 96 class members via electronic and U.S. mail on February 22, 2021. (Madden Decl. (dkt. #29) ¶ 22.) Class counsel represents that they responded to inquiries from class members about the settlement. (*Id.* ¶ 23.) Nine notices were returned. (*Id.* ¶ 24.) Class counsel then searched for updated addresses and resent eight of the nine notices, rendering only one undeliverable. (*Id.*)

In accordance with the court order, the notice period ran for forty-five days after the mailing of the notice. (*See* Madden Decl. (dkt. #29) ¶ 25.) At the close of the notice period, no class members had objected to the settlement and only two class members requested exclusion. (*Id.*)

### C. Attorneys' Fees

In support of their petition for attorneys' fees and costs, and as directed by the court, class counsel submitted their time records and hourly rates, reflecting that they completed 133.35 hours of work on this case, amount to fees of $42,197.50. (Madden Decl. (dkt. #29) ¶¶ 2-6, 29; Ex. A (dkt. #30).) Class counsel also submitted a record of out-of-pocket costs totaling $635.05. (*Id.* ¶ 30, Ex. B (dkt. #29-2).)

OPINION

I. **Final Approval**

Federal Rule of Civil Procedure 23 provides that a court may approve a proposed class action settlement only if it determined that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In its earlier order preliminarily approving the settlement, the court raised a concern about the settlement agreement provision requiring the reversion of any funds to defendant that were allocated to class members who exclude themselves, cannot be located, or fail to cash their settlement checks within the 90 days of mailing. (Order (dkt. #26) 4.) While the court remains troubled by this provision, in light of the fact that only two class members excluded themselves from the settlement, representing only $276.88 of the total settlement fund, coupled with the fact that notice was apparently provided to all but one class member *and* the settlement does not require a claims process, the court concludes that any risk of significant fees reverting to defendant appears limited. Moreover, the courts notes that class members will receive 80% of their fully-liquidated claim value, which is significant in light of the risks faced by the class if the case had proceeded. Still, as explained on the record during the hearing and as set forth in the order below, the court will require the parties to notify the court if more than five checks remain uncashed at the end of the 90-day period.

Based on these findings and representations made by the parties' counsel during the May 13, 2021, fairness hearing, as well as in the parties' written submissions and the larger record in this case, the court concludes that the parties' settlement is fair, reasonable and adequate pursuant to Rule 23(e) and as required under the FLSA.

4

**II. Incentive Award**

The settlement agreement provides that named plaintiffs Connor Neeck and Isaiah West will receive an additional incentive fee of $1,000 each. "Incentive awards are justified when necessary to induce individuals to become named representatives." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001). In deciding whether an incentive award is appropriate and what the amount should be, the Seventh Circuit advised that courts may consider "the actions the plaintiff has taken to protect the interest of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Here, class counsel represents that the named plaintiffs provided information to class counsel, responded to written discovery and participate in the full-day mediation to resolve this matter. (Pls.' Mot. for Final Approval (dkt. #33) 9.) In similar cases, this court has previously awarded incentive fees equal to and greater than the amount requested here depending upon the extent of the time and other demands on the class representative, as well as other factors. *See, e.g., King v. Trek Travel, LLC*, No. 18-cv-345, 2019 WL 6790398, at *2 (W.D. Wis. Dec. 12, 2019) (approving $1500 incentive award for class representative); *Fosbinder-Bittorf v. SSM Health Care of Wisconsin, Inc.*, No. 11-CV-592-WMC, 2013 WL 5745102, at *1 (W.D. Wis. Oct. 23, 2013) (granting named plaintiffs $5,000 each as an enhancement payment in FLSA and Minnesota wage and hour law case); *Berndt v. Cleary Bldg. Corp.*, No. 11-CV-791-WMC, 2013 WL 6331344, at *1 (W.D. Wis. Dec. 5, 2013) (awarding enhancement payments of $1,000-$5,000 to named plaintiffs in

FLSA and Wisconsin wage and hour law case); *Rogers-Coxhead v. Glass Nickel Pizza Co.*, No. 16-CV-706-WMC, 2017 WL 6375969, at *2 (W.D. Wis. Nov. 13, 2017) (reducing requested enhancement payment of $10,000 to $7,500, which the court considered "more consistent with similar FLSA/Rule 23 hybrid claims that has settled relatively early"). Accordingly, the court finds that plaintiffs' requested $1,000 fee for each of the names plaintiffs is reasonable and will grant the award.

### III. Attorneys' Fee Award and Costs

Finally, class counsel has requested an award of attorneys' fees and costs in the total amount of $23,333.33. Named plaintiffs had initially agreed to a one-third contingency fee plus actual costs with class counsel (Madden Decl. (dkt. #29) ¶ 8), although that fact does not control the ultimate attorney fee award in this class action, especially without early approval by the court. *See Rogers-Coxhead*, 2017 WL 6375969, at *2 (citing *Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 958 (7th Cir. 2013)).

Still, "attorneys' fees in class actions should approximate the market rate that prevails between willing buyers and willing sellers of legal services." *Silverman*, 739 F.3d at 957. The Seventh Circuit has recognized that "most suits for damages in this country are handled on the plaintiff's side on a contingent-fee basis" and that the "typical contingent fee is between 33 and 40 percent." *Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998); *see also Rogers-Coxhead*, 2017 WL 6375969, at *2 ("Market rates [for contingent attorneys' fees] are within the 30% to 40% range."). Here, plaintiffs' request represents one-third of the settlement fund, including costs. This court has previously approved awards of attorneys' fees amounting to one-third of the settlement fund in similar cases. *See, e.g.*,

6

*King*, 2019 WL 6790398, at * 2 (approving 33.33% fee aware in similar FLSA and Wisconsin wage and hour law case); *Fosbinder-Bittorf*, 2013 WL 5745102, at *1 (granting 33.33% fee award in FLSA and Minnesota wage and hour law case); *Berndt*, 2013 WL 6331344, at *1 (awarding attorney fee request representing 30% of settlement fund in FLSA and Wisconsin wage and hour law case); *Rogers-Coxhead*, 2017 WL 6375969, at *2 (granting attorney fee request that amounted to "slightly less than 30% of the total recovery" in FLSA and Wisconsin wage and hour law case).

Class counsel has also submitted materials showing the time and effort it devoted to this lawsuit, noting that it: conducted legal research prior to filing the lawsuit; investigated the case by conferring with class members and reviewing relevant documents; served discovery requests; received and reviewed materials produced by defendant; constructed a damages model for class members, which involved interviewing FLSA opt-in plaintiffs and reviewing other relevant documents; mediated with opposing counsel to reach this agreement; and managed the class notification process. (Madden Decl. (dkt. #29) ¶¶ 8-23.) As detailed above, according to class counsel's records, calculated on a lodestar basis, class counsel expended approximately $20,000 more than that requested under their percentage of the settlement fund approach. In light of class counsel's efforts in evaluating the claims' merits, initiating suit, engaging in discovery, and preparing for and participating in mediation of this lawsuit sufficient to bring this case to an early resolution, the court concludes that the requested fees are reasonable. It also reflects the factual and legal uncertainties that counsel agreed to absorb in taking on plaintiffs' claims on a contingency basis, as well as market rates and fee awards for similar hybrid FLSA

7

and Rule 23 class actions in this district.

Accordingly, the court finds the resolution of the entire case is in the best interest of the class members, including the fee award, noting that no class member objected to the fee request.

ORDER

IT IS ORDERED that:

1) Plaintiffs' unopposed motion for final approval of the settlement agreement (dkt. #32) is GRANTED, and the parties are directed to carry out its terms.

2) The enhancement payments to Connor Neeck and Isaiah West in the amount of $1,000 each are APPROVED.

3) Class counsel's unopposed motion for costs and attorneys' fees (dkt. #27) is GRANTED in the requested amount of $23,333.33.

4) Settlement payments as defined in the Section 4 of the Settlement Agreement and as calculated in Appendix C (dkt. #21) are APPROVED.

5) This action is dismissed on the merits with prejudice. The court expressly retains jurisdiction to enforce the terms of settlement, including directing additional efforts to be made to distribute the proceeds of settlement funds to class members, even after the 90-day deadline for cashing check, before they are allowed to revert to the defendant.

6) Accordingly, the parties are directed to notify the court if more than five checks to class members are not cashed at the end of the 90-day period.

7) Consistent with the above, the clerk of the court is directed to close this case subject to reopening upon good cause shown.

Entered this 14th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge